UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA KEITH DAVIS,

    Petitioner,                                         Civil Nos. 03-73306
                                                            HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

Cindi S. Curtin[1],

    Respondent,
_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR A STAY PENDING APPEAL UNTIL JANUARY 22, 2008 [DE 50] AND HOLDING IN ABEYANCE PETITIONER'S MOTION TO ENFORCE ORDER AND JUDGMENT GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND FOR PETITIONERS IMMEDIATE AND UNCONDITIONAL RELEASE FROM HIS UNCONSTITUTIONAL SENTENCE [DE 54]

Petitioner, Joshua Davis, is a state inmate currently incarcerated by the State of Michigan serving 28 to 70 years after being convicted of second degree murder. Subsequently, he was convicted of conspiracy to bring contraband into the prison. He was sentenced to five months to five years, which time is to be served consecutively.

The Petitioner only challenged the second degree murder conviction. This Court granted relief on September 13, 2007. That was a conditional writ. The condition was Petitioner had to be retried within sixty days.

---

[1]At the time Petitioner filed his Petition for Writ of Habeas Corpus he was a state inmate at the Carson Correctional Facility and the Warden was Kurt Jones. He is now a state inmate at Oaks Correctional Facility and the Warden is Cindi S. Curtin.

1

Respondent filed a timely motion to stay the proceedings within thirty days on October 9, 2007. Petitioner filed a response on October 19, 2007.

Since Respondent filed a timely request for a stay, this Court will grant the stay *nunc pro tunc*. That stay should be until January 22, 2008 only, so that Respondent will have time to appeal the denial of a longer stay.

For the reasons discussed below, Respondent shall not have a longer stay and Petitioner Davis is entitled to bond pending appeal. Note, the bond will not result in his release from custody, but rather will result in the commencement of his consecutive sentence of five months to five years.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

2

(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

Due to this Court's delay in ruling on the Respondent's timely motion for stay, it would be unfair to deny it in full. It is granted only until January 22, 2008 so that, if Respondent chooses to, she can seek a stay of the Sixth Circuit Court of Appeals.

Although this Court often grants a Respondent's motion for stay of proceedings pending the appeal of an order granting a writ of habeas corpus, the Court declines to

do so in this case. First, and most importantly, the Respondent is not entitled to a stay of proceedings pending appeal because she has failed to show either a strong likelihood of success on appeal or that she has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004).

Secondly, Respondent is not entitled to the issuance of a stay, because she has failed to show, much less argue, that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778. Although respondent contends that Petitioner would be a threat to the public safety if released, this Court notes that Petitioner initially went to the police to try and aid their investigation.

In this case, prolonging Petitioner's incarceration on these charges to allow Respondent time to file an appeal would be unjust following this Court's finding that the conviction was obtained due to constitutional violations, where petitioner has been in custody nearly ten years for crimes that the state failed to constitutionally prove. *Kelly v. Roberts,* 998 F. 2d at 809, n. 11.

Petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting *Burdine v. Johnson*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of

4

*Davis v Jones, 03-73306*

a stay pending appeal.   See, *Brown v Palmer*, Order (E.D. Mich, 3/4/05, 04-cv-72303), affirmed (6th Cir, 2005, 05-1320).

### **ORDER**

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [DE 50] is GRANTED until January 22, 2008.**

**IT IS FURTHER ORDERED bond pending appeal in the amount of $100,000 unsecured with the usual reporting requirements of the Eastern District of Michigan.**

**IT IS FURTHER ORDERED that Petitioner's Motion to Enforce Order and Judgment Granting Petition for Writ of Habeas Corpus and for Petitioners Immediate and Unconditional Release from His Unconstitutional Sentence [DE 54] is held in abeyance until January 22, 2008 or the decision by the Sixth Circuit Court of Appeals.**

    S/Arthur J. Tarnow
    Arthur J. Tarnow
    United States District Judge

Dated:  November 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2007, by electronic and/or ordinary mail.

    S/Catherine A. Pickles
    Judicial Secretary